UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-117-FDW

| ROBERT JOHNSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| PATRICIA THOMAS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2).

The Court first addresses Plaintiff's application to proceed in forma pauperis. Plaintiff's ledger account record for the Watauga County Jail shows that as of the filing of the Complaint Plaintiff had a negative canteen balance. See (Doc. No. 8). The Court will grant Plaintiff's application to proceed in forma pauperis, as it appears that he does not have sufficient funds with which to pay the filing fee.

**I. BACKGROUND**

Pro se Plaintiff Robert Johnson is a North Carolina pre-trial detainee currently incarcerated at the Watauga County Jail in Boone, North Carolina. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 17, 2014, naming as Defendants: Patricia Thomas, identified as Chief Jailer, Watauga County Detention Center; Dee Dee Rominger, identified as

1

Captain, Watauga County Sheriff's Department; Chad Slagle, identified as Social Service Supervisor, Watauga County Department of Social Services; Len D. Hagaman, identified as the Sheriff of Watauga County; Nicki Triplett, identified as Social Worker, Watauga County Department of Social Services; and Beth Berry, identified as Social Worker, Watauga County Department of Social Services. Plaintiff alleges the following in the Complaint:

> Ken O. Hagaman—Sheriff letting illegal things go on around here, knowing it. Patricia Thomas---Chief Jailer who allows me and my wife to be threatened, and harassed. Male jailers are watching my wife take showers female jailers deeply forcing my wife to let them feel of her breasts nipples mainly and deep inside her vaginal area. But don't do other inmates that way. Dee Dee Rominger—Captain, falsely makes up charges on people and makes things look good in her favor. Even though me and my wife are not guilty of nothing. And has us falsely charged and falsely imprisoned and knowing it to [sic]. Chad Slagle, Beth Berry, and Nicki Triplett—Social Service workers illegally took our four children from grandmothers house 4-13-14 while we have been in jail. We have illegally been locked up since 4-4-14 and 4-5-14 and still are. Our kids are illegally being punished as well as us.

(Doc. No. 1 at 4-5). As relief, Plaintiff seeks immediate release, monetary damages, the return of his four children to him and his wife, and for all of the named Defendants to be fired. (Id. at 5).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to

2

allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

For the following reasons, the Court will dismiss this entire action without prejudice. First, to the extent that Plaintiff is challenging actions regarding child custody matters, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because matters of domestic relations are generally within the province of the state courts. Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006). The Court further notes that, to the extent that Plaintiff is complaining about any pending actions in the North Carolina state courts regarding termination of parental rights, dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Younger abstention is also appropriate to the extent that Plaintiff is complaining about any pending state criminal charges against him.

Finally, as to Plaintiff's allegations regarding an alleged assault in the jail against his wife, Plaintiff lacks standing to sue on his wife's behalf. See Allen v. Wright, 468 U.S. 737, 751 (1984) (explaining that to have standing to sue, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct"); Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state a civil rights claim, one must allege that he, himself, sustained the deprivation of a right, privilege, or immunity secured by the Constitution or federal

3

law). Therefore, any claim related to the alleged assault of Plaintiff's wife in the jail is subject to dismissal without prejudice. As to Plaintiff's claim that Defendants also "threatened" and "harassed" him in jail, these allegations are too vague to state a Section 1983 claim for a violation of a federal right; however, Plaintiff's claims will be dismissed without prejudice to Plaintiff to bring a state law claim for assault in state court if he so wishes.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice.

3. The Clerk is respectfully instructed to terminate this action.

Signed: January 21, 2015

Frank D. Whitney
Chief United States District Judge